Michael A. Haskel (MH 4680)
Leonard Gekhman (LG 7488)
Law Offices of Michael A. Haskel
Attorneys for Defendant
167 Willis Avenue
Mineola, New York 11501
Ph: (516) 294-0250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARISTIDES "POPS" PITSILADI, NICHOLAS
PITSILADI, Individually and as Members of WEST
23rd STREET REALTY LLC, WEST 36th STREET           Civ. No. 07/6605
REALTY LLC, and MACPIN REALTY LLC,                 (JGK)
WEST 23rd STREET REALTY LLC, WEST 36th
STREET REALTY LLC and MACPIN REALTY LLC,

        Plaintiffs,   ANSWER WITH
               COUNTERCLAIM

 -against-

               <u>JURY TRIAL DEMANDED</u>

WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT AND DEVELOPMENT INC.

        Defendants
------------------------------------------------------------------x

  Defendants William Guerrero ("Guerrero") and City Property Management and Development Inc. ('City Property"), by their attorneys, Law Offices of Michael A. Haskel, answer the complaint of Aristides Pitsiladi ("A.Pitsiladi") and Nicholas Pitsiladi ("N.Pitsiladi"), Individually and as Members of West 23rd STREET REALTY LLC ("W.23rd Realty"), WEST 36th STREET REALTY LLC ("W.36th Realty"), and MACPIN REALTY LLC ("MacPin"), W.23rd Realty. W. 36th Realty and MacPin as follows:

  1. Deny the allegations in paragraph 1 of the complaint, except admit that defendants are licensed real estate brokers, and that they collected rents from certain

properties owned by the plaintiffs, made certain political contributions, and filed a civil action containing allegations that plaintiffs were involved in certain illegal conduct, and that the plaintiffs seek various relief to which they are not entitled.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the complaint, except, upon information and belief, admit that defendants A. Pitsiladi and N. Pitsiladi are citizens of the Republic of South Africa.

3. Admit the allegations in paragraph 3 of the complaint, except deny that W.23rd Realty existed prior to in or about April 1995.

4. Admit the allegations in paragraph 4 of the complaint, except deny that W.36th Realty existed prior to in or about April 1995.

5. Deny the allegations in paragraph 5 of the complaint.

6. Deny the allegations in paragraph 6 of the complaint, except admit that, upon information and belief, the holders of the membership interests in W. 23rd Realty and W. 36th Realty are citizens of South Africa.

7. Deny the allegations in paragraph 7 of the complaint.

8. Admit the allegations in paragraph 8 of the complaint, except deny that City Property currently maintains its principal offices at 100 West 23rd Street, County, City and State of New York.

9. Admit the allegations in paragraph 9 of the complaint.

10. Paragraph 10 of the complaint states a conclusion of law to which no response is necessary.

11. Upon information and belief, admit the allegations in paragraph 11 of the complaint, except deny that MacPin owns or owned property in New York.

12. Upon information and belief, admit the allegations in paragraph 12 of the complaint, except deny that MacPin owns or owned property in New York.

13. Admit the allegations in paragraph 13 of the complaint, except deny that MacPin owns or owned property in New York..

14. Admit that the defendants were obligated to collect rent from the tenants, maintain the properties and pay proper operating expenses of the properties out of the rent collected but deny that defendants were required to remit to plaintiffs all rental proceeds remaining after payment of "proper operating expenses."

15. Admit the existence of agreements between the defendants and certain of the plaintiffs regarding provision of the management services, refer to the agreements for their terms and deny the balance of the allegations of paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the complaint, except admit that on or about March 15, 2004 the management of the Managed Real Estate Companies was transferred from City Property to a new managing agent, George Butsikaris Realty, Inc.

17. Admit the allegations in paragraph 17 of the complaint, except deny that the lawsuit was brought against "the Entities."

18. Admit the allegations in paragraph 18 of the complaint.

## AS TO THE FIRST CAUSE OF ACTION

19. Deny the allegations in paragraph 19 of the complaint, except deny knowledge of information sufficient to form a belief as to whether an analysis of financial records was conducted or as to the contents or conclusions of any such analysis.

20. Deny the allegations in paragraph 20 of the complaint, except admit that certain political contributions were made but such political contributions were authorized

to be made by certain of the Plaintiffs, and deny knowledge or information sufficient to form a belief as to whether an audit was conducted or as to the contents or conclusions of any such audit.

21. Deny the allegations in paragraph 21 of the complaint, except deny knowledge or information sufficient to form a belief as to whether an audit was conducted or as to the contents or conclusions of any such audit.

22. Deny the allegations in paragraph 22 of the complaint, except deny knowledge or information sufficient to form a belief as to whether an audit was conducted or as to the contents or conclusions of any such audit.

23. Deny the allegations in paragraph 23 of the complaint.

24. Deny the allegations in paragraph 24 of the complaint.

## AS TO THE SECOND CAUSE OF ACTION

25. Defendants repeat and reallege their responses to paragraphs 1-24 of the complaint, as if fully stated herein.

26. Defendants deny the allegations in paragraph 26 of the complaint, and repeat and reallege their responses to paragraphs 13 through 17 of the complaint as if fully stated herein.

27. Deny the allegations in paragraph 27 of the complaint.

## AS TO THE THIRD CAUSE OF ACTION

28. Defendants repeat and reallege their responses to paragraphs 1-27 of the complaint as if fully stated herein.

29. Deny the allegations in paragraph 29 of the complaint, except admit that defendants made certain political contributions, and state that such contributions were authorized by certain of the Plaintiffs.

## AS TO THE FOURTH CAUSE OF ACTION

30. Defendants repeat and reallege their responses to paragraphs 1-29 of the complaint as if fully stated herein.

31. Deny the allegations in paragraph 31 of the complaint, except admit that defendants made certain political contributions which were authorized by certain of the Plaintiffs and that Guerrero signed certain tax returns as if he was an officer of one or more of the plaintiffs, and state that the tax returns were signed pursuant to plaintiffs' request upon advice of the plaintiffs' accountants and attorneys.

32. Deny the allegations in paragraph 32 of the complaint.

## AS TO THE FIFTH CAUSE OF ACTION

33. Defendants repeat and reallege their responses to paragraphs 1-32 of the complaint as if fully stated herein.

34. Deny the allegations in paragraph 34 of the complaint, except admit that defendants collected rents and made disbursements from the rents so collected.

35. Deny the allegations in paragraph 35 of the complaint.

36. Deny the allegations in paragraph 36 of the complaint,

37. Deny the allegations in paragraph 37 of the complaint to the extent response is required.

38. Deny the allegations in paragraph 38 of the complaint.

## AS TO THE FOURTH CAUSE OF ACTION.

39. Defendants repeat and reallege their responses to paragraphs 1-18 of the complaint as if fully stated herein.

40. Admit the allegations in paragraph 40 of the complaint.

41. Refer to the article quoted in paragraph 41 for its contents and admit the balance of the allegations in paragraph 41 of the complaint.

42. Deny the allegations in paragraph 42 of the complaint.

43. Deny the allegations in paragraph 43 of the complaint.

44. Deny the allegations in paragraph 44 of the complaint.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred by the statute of limitations.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred by waiver and/or estoppel.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred by laches.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred by the doctrine of unclean hands

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

49. Plaintiffs' defamation claims are barred because the statements complained of were privileged insofar as they were contained in defendants' legal papers, and insofar as the complained of article was a true and accurate report of a legal proceeding.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

50. Plaintiffs' defamation claims are barred insofar as the allegedly defamatory statements are true.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

51. Any damages suffered by plaintiffs are due to their own culpable conduct, and not the conduct of defendants.

## AND AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiffs' complaint fails to set forth a cause of action upon which relief may be granted.

## AND AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

53. Plaintiffs, A.Pitisladi and N.Pitisladi lack authority to bring a derivative action on behalf of plaintiff LLCs.

## AND AS FOR A COUNTERCLAIM AGAINST A.PITISLADI AND N.PITSILADI – DEFAMATION

54. Defendant Guerrero is a citizen of New Jersey.

55. Plaintiffs A.Pitsiladi and N.Pitsiladi are citizens of the Republic of South Africa.

56. The matter in controversy on this counterclaim exceeds he sum of $75,000, exclusive of interest and costs.

57. This Court has jurisdiction over this counterclaim pursuant to 28 USC §1332(a)(2)

58. Upon information and belief, prior to and/or in or about February 2004, plaintiffs, A. Pitsiladi and N.Pitsiladi told their attorney, Dave Nezar, that defendant City Property had been terminated as managing agent of plaintiffs' New York real estate because Guerrero, its principal, misappropriated funds.

59. Upon information and belief, in or about February 2004, plaintiffs instructed or authorized Dave Nezar to respond to press inquiries about defendants' lawsuit against plaintiffs by telling them that defendants had been terminated due to Guerrero's misappropriation of funds.

60. Upon information and belief, A.Pitsiladi and N.Pitsiladi provided such information to Dave Nezar intending for it to be published.

61. Upon information and belief, A.Pitsiladi and N.Pitsiladi knew such statements were false, insofar as defendants had not misappropriated funds nor was City Property terminated as a result of any misappropriation of funds.

62. On February 24, 2007 an article appeared in a South African newspaper, the Weekend Post, containing the following language regarding Dave Nezar, the attorney for A.Pitsiladi and N.Pitsiladi:

"Their lawyer, Dave Nezar, said Guerrero had been fired for misappropriating funds."

63. The article containing the statement has been published on the World Wide Web at http://www.algoafm.co.za/newsarticle.asp?NewsId=98676.

64. This statement constituted defamation per se, insofar as Guerrero was accused of the crime of conversion, and insofar as it tended to defame him with respect to his fitness to carry out his business or profession.

65. As a result, Guerrero has been damaged in an amount to be determined at trial.

66. Prior to and while making the statements set forth herein, the A.Pitsiladi and N.Pitsiladi engaged in a pattern of harassment directed at defendant William Guerrero.

67. The pattern of harassment consisted of among other things, sending Guerrero and one of his companies, which rented space at the West 23rd Street premises, inflated water bills and tax bills, demanding certificate of insurance for such rented premises when one has already been provided, and disrupting the use of the elevator for Guerrero and his company's employees.

68. The defamatory statements described herein were made with intent to damage Guerrero's reputation as part of the pattern of harassment.

69. The false statements were made by the plaintiffs willfully, intentionally and maliciously, while the defendants were aware of their falsity. Accordingly, defendant William Guerrero is entitled to punitive damages in the amount of $5,000,000.

70. Defendants demand jury trial of all issues.

WHEREFORE, defendants demand judgment dismissing the plaintiffs' complaint in its entirety, and William Guerrero demands judgment on the first counterclaim against plaintiffs, A.Pitsiladi and N.Pitsiladi in the amount to be determined at trial and for punitive damages in the amount of $5,000,000.

Dated: Mineola, New York
      October 8, 2007

                                        Michael A. Haskel (MH 4680)
                                        167 Willis Avenue
                                        Mineola, New York 11501
                                        (516) 294-0250