**EXHIBIT 2**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT & DEVELOPMENT, CORP.,

                Plaintiffs,

   - against -

WEST 23rd STREET REALTY, LLC,
WEST 36th STREET REALTY, LLC, and
MACPIN REALTY CORP.,

                Defendants.
------------------------------------X

Index No. 601648/06

JUDGMENT

    The issues in this action have come to be heard at IAS Part 55 of this Court, New York County, at the Courthouse located at 60 Centre Street, New York, NY 10005, before Justice Jane S. Solomon on a Motion to Dismiss the Amended Complaint under CPLR 3211.

    Plaintiffs City Property Management & Development, Inc., a corporation duly organized under the laws of the State of New York, and William Guerrero, the sole owner of all of the issued shares of stock of Defendant City Property Management, appeared by the Law Offices of Michael A. Haskel. Defendants West 23rd Street Realty, LLC, West 36th Street Realty, LLC, both New York Limited Liability Companies, and Macpin Realty Corp., a corporation duly organized under the laws of the State of New York, appeared by The Dweck Law Firm, LLP. The issues were briefed and argued, and Justice Solomon rendered a decision on January 18, 2007 dismissing the Plaintiffs' ████████ Complaint in its entirety and directing the Clerk to enter judgment accordingly with costs and disbursements as taxed. ████

NOW, on the motion of the Dweck Law Firm LLP, attorneys for the Defendants, it is

ADJUDGED:

2. that the ████ Complaint ████████████████ and it is further ████████████████████ is dismissed, ████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████

3. ADJUDGED that the Defendants West 23rd Street Realty, LLC, West 36th Street Realty, LLC and Macpin Realty Corp., with offices respectively located at 100 West 23rd Street, New York, NY 10011, 128 West 36th Street, New York, NY 10018, and 94-06 Roosevelt Avenue, Queens, NY 11372, have judgment and recover from the Plaintiffs William Guerrero and City Property Management & Development, CORP, located at 100 West 23rd Street, Ground Floor, New York, NY 10011, the sum of $380.00 ~~$600.50~~ costs and disbursements of this action as taxed by the clerk and that the Defendants have execution therefor.

Judgment entered this 25th day of January, 2007.

_____
CLERK

**FILED**

JAN 25 2007

COUNTY CLERKS OFFICE
NEW YORK

COUNTY OF NEW YORK

WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT & DEVELOPMENT, INC.

Plaintiff(s)

against

WEST 23rd STREET REALTY, LLC,
WEST 36th STREET REALTY, LLC, and
MACPIN REALTY, CORP.

Defendant(s)

**Costs of**
DEFENDANTS

| COSTS | | |
|---|---|---|
| Costs before note of issue CPLR §8201 subd. 1 | $ 200. | 00 |
| Costs after note of issue CPLR §8201 subd. 2 | | |
| Trial of issue CPLR §8201 subd. 3 | | |
| Allowance by statute CPLR §8302(a), (b) | | |
| Additional allowance CPLR §8302 (d) | | |
| Motion costs CPLR §8202 | | |
| Appeal to Appellate Term CPLR §8203 (b) | | |
| Appeal to Appellate Division CPLR §8203 (a) | | |
| Appeal to Court of Appeals CPLR §8204 | | |
| Costs upon frivolous claims and counterclaims CPLR §8303-a | | |

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$ 380.00

JAN 25 2007

*Nona Gow*

**CLERK**

| DISBURSEMENTS | |
|---|---|
| Fee for index number CPLR §8018(a) | $ 210.00 |
| Referee's fees CPLR §8301(a)(1), 8003(a) | |
| Commissioner's compensation CPLR §8301(a)(2) | |
| Clerk's fee, filing notice of pend. or attach. CPLR §8021(a)(10) | |
| Entering and docketing judgment CPLR §8301(a)(7), 8016(a)(2) | |
| Paid for searches CPLR §8301(a)(10) | .50 |
| Affidavits & acknowledgments CPLR §8009 | |
| Serving copy summons & complaint CPLR §8011(b)(1), 8301(d) | |
| Request for judicial intervention | |
| Note of issue CPLR §8020(a) | 95.00 |
| Paid referee's report CPLR §8301(a)(12) | |
| Certified copies of papers CPLR §8301(a)(4) | |
| Satisfaction piece CPLR §5020(a), 8021 | |
| Transcripts and filing CPLR §8021 | |
| Certified copy of judgment CPLR §8021 | 5.00 |
| Postage CPLR §8301(a)(12) | |
| Jury fee CPLR §8020(c) | |
| Stenographers' fees CPLR §8002, 8301 | |
| Sheriff's fees on execution CPLR §8011, 8012 | 40.00 |
| Sheriff's fees, attachment, arrest, etc. CPLR §8011 | |
| Paid printing cases CPLR §8301(a)(6) | |
| Clerk's fees Court of Appeals CPLR §8301(a)(12) | |
| Paid copies of papers CPLR §8016(a)(4) | |
| Motion expenses CPLR §8301(b) | 45.00 |
| Fees for publication CPLR §8301(a)(3) | |
| Serving subpoena CPLR §8011(b), 8301(d) | |
| Paid for Search CPLR §8301(a)(10) | |
| Referee's report | |
| Attendance of witnesses CPLR §8001(a)(b)(c), 8301(a)(1) | |

**FILED**

JAN 25 2007

**COUNTY CLERK'S OFFICE
NEW YORK**

| | | |
|---|---|---|
| Costs | $ 200.00 | |
| Disbursements | 180.00 | 400.50 |
| Total | 380.00 | $ 600.50 |

180.00
400.50

COURT

COUNTY OF

_____

Plaintiff(s)

against

Defendant(s)
_____

## Bill of Costs
### and Notice of ............. Taxation

Please Take Notice that the within is a true copy of the items of costs and disbursements in the within action *taxed\** and that the same will be *taxed\**
by the Clerk of
Court, at his/her office in the courthouse thereof on
                                        at            M.
of that day—and the amount inserted in the judgment.
Yours, etc.

Attorney(s) for

To

Attorney(s) for

Service of the within bill of costs and notice of taxation is hereby admitted on

Attorney(s) for

* Strike out one (CPLR §§402, 8403)

---

...orn, deposes and says; that deponent is not a
...tion, is over 18 years of age and resides at

...ed the within bill of costs and notice of taxation on

...for
: his/her office at

...her absence from said office
...ther (a) or (b)
then and there leaving a true copy of the same with

...lerk, partner, person having charge of said office.

...said office being closed, by depositing a true copy of
...nclosed in a sealed wrapper directed to said attorney(s), in
...e letter drop or box.

...o before me on

New York, County of                    ss.:

...luly sworn, deposes and says; that deponent is not a
...o the action, is over 18 years of age and resides at

...nt served the within bill of costs and notice of taxation on

...(s) for

...ress designated by said attorney(s) for that purpose by
...ng a true copy of same enclosed in a postpaid properly
...sed wrapper, in—a post office—official depository
...he exclusive care and custody of the United States Postal
...within New York State.

...to before me on

---

...TE OF NEW YORK, COUNTY OF New York      ss.

The undersigned, an attorney admitted to practice in the courts of this state, affirms; that I am

attorney(s) of record for the                    in the above entitled action; that the foregoing disbursements have been or will
essarily be made or incurred in this action and are reasonable in amount and that each of the persons named as witnesses attended as such witness
the trial, hearing or examination before trial herein; the number of days set opposite their names; that each of said persons resided the number of
es set opposite their names from the place of said trial, hearing or examination; and each of said persons, as such witness as aforesaid, necessarily
veled the number of miles so set opposite their names in travelling to, and the same distance in returning from, the same place of trial, hearing or
amination; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.
The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

ATTORNEY'S AFFIRMATION

...ted: January 25, 2007

DAVID M. GODOSKY

The same signed must be printed beneath

COUNTY CLERK'S OFFICE
NEW YORK

FILED

JAN 25 2007

WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT & DEVELOPMENT, INC.

                                 Plaintiffs,

-against-

WEST 23rd STREET REALTY, LLC,
WEST 36th STREET REALTY, LLC, and
MACPIN REALTY CORP.

                                 Defendants.

## JUDGMENT

### THE DWECK LAW FIRM, LLP

*Attorneys for*

Defendants

75 ROCKEFELLER PLAZA
NEW YORK, N.Y. 10019
TELEPHONE: (212) 687-8200
FACSIMILE: (212) 697-2521

**FILED AND DOCKETED**

JAN 25 2007

AT 2:25 PM

N.Y. CO. CLK'S OFFICE

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ...........................................     Signature..............................................................

                                   Print Signer's Name.....................................................

*Service of a copy of the within*                                  *is hereby admitted.*

*Dated:*

                                      *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐    *that the within is a (certified) true copy of a*
NOTICE OF    *entered in the office of the clerk of the within named Court on*                *20*
ENTRY

☐    *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF    *Hon.*                                 *one of the judges of the within named Court,*
SETTLEMENT   *at*
          *on*                      *20*      *, at*             *M.*

*Check Applicable Box*

*Dated:*

                                                    **THE DWECK LAW FIRM, LLP**

                             *Attorneys for*

                                                 75 ROCKEFELLER PLAZA
                                                 NEW YORK, N.Y. 10019

*To:*

*Attorney(s) for*

**EXHIBIT 3**



ARISTIDES PITSILADI

# Tycoon family embroiled in bitter R350m lawsuit



# WeekendPost

THE BEST SATURDAY READ IN THE EASTERN & SOUTHERN CAPE

www.weekendpost.co.za

FEBRUARY 24, 2007    R6.90 (inc VAT)

# US manager claims Pitsiladis fired him after he questioned dealings

**By Nicky Willemse**

ONE of Port Elizabeth's wealthiest families is embroiled in a bitter R353-million court battle with a former employee in connection with their R150-million international property empire.

The American former managing agent for three of the "Pitsiladi" family's New York City commercial real estate companies, Bill Guerrero, claims the family fired him unfairly after he raised questions about the legality of certain business dealings contained in financial and tax documents.

He had worked for the family for more than 10 years when he was axed in 2004.

However, the Pitsiladi family, who are suing Absa for R23-million in connection with the Maureen Clifford investment scheme scandal, says the claims by Guerrero are unfounded.

Their lawyer, Dave Nezar, said Guerrero had been fired for misappropriation of funds.

The five members of the Pitsiladi family named in Guerrero's complaint are brothers Aristides "Pops" Pitsiladi, Nicholas Pitsiladi, Constantine Pitsiladi, their sister Maria Coutsourides and



**MAUREEN CLIFFORD**

her husband Dimitrius Coutsourides.

The family owns several businesses in Port Elizabeth and citrus farms in the Sundays River area, along with liquor company Pinnac, which is in partnership with Prestons.

They also own several hotels and a shopping mall in Greece.

Members of the Greek community in the city say the family has always been tightlipped about their overseas business ventures.

Guerrero's complaint was dismissed by the Supreme Court in New York last month, but he has filed an appeal with the Appellate Division of the New York Supreme Court against that decision. The appeal is expected to be heard later this year.

In court papers, Guerrero says he was appointed in the early 1990s as the managing agent for three real estate companies – West 23rd Street Realty, West 36th Street Realty and Macpin Realty.

In October 2003, he started to question certain activities "contained in various financial documents" and in their "application for tax amnesty in South Africa with respect to taxes due on their foreign investments" in the US and Greece.

*to P2*

# Bay family embroiled in R350m lawsuit over property empire

*from P1*

Guerrero claims he repeatedly requested a turnover of books and records of the three real estate companies.

These requests were apparently refused, but he said he was assured by Nico Pitsiladi and the Pitsiladi partner's accountants that the activities were proper and legal.

In February 2004 Guerrero was told his contract was being terminated, and within a month management was transferred to a new agent.

Guerrero claims his employment contract stated that 60 days written notice was required.

He also alleges that the Pitsiladis were involved in Clifford's Usapho Trust, and solicited US investors in the scheme.

In their plea document, the Pitsiladi family refute Guerrero's claims, saying he did not have access to their financial or tax docu-

uments, and that no activities conducted through the companies were "in any way tainted with impropriety or unlawful".

They also deny acting improperly or unlawfully in relation to the Usapho Trust.

Guerrero said he felt "strongly that my dismissal was a result of the questions I raised."

A Weekend Post Also received a document, which they apparently been circulating anonymously throughout the close-knit Greek community in New York City, which contains a number of damning allegations relating to financial dealings against the Pitsiladi family.

The family's US trial lawyer, Jack Dweck, said he did not know of any anonymous document in New York City, and no-one named Nabas, who handles the Pitsiladi commercial matters, had received the document late last year, but dismissed the claims as "untrue and defamatory".

A member of the Port Elizabeth Greek community who asked not to be named said the Pitsiladis had always been very secretive about their properties.

...



## CIVIL COVER SHEET

**JS 44C/SDNY**
**REV. 1/97**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings. or other papers as required by law, except as provided by local rules of Court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
ARISTIDES "POPS" PITSILADI, NICHOLAS, PITSILADI, Individually and as Members, of WEST 23RD STREET REALTY LLC., WEST 36TH STREET REALTY LLC AND MACPIN REALTY LLC, WEST 23RD STREET, REALTY LLC, WEST 36TH STREET REALTY LLC, AND MACPIN REALTY LLC

**DEFENDANTS**
WILLIAM GUERRERO, CITY PROPERTY MANAGEMENT AND DEVELOPMENT INC.

**ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
The Dweck Law Firm, LLP
230 Park Avenue, Ste. 416, NY, NY 10169
212-687-8200

**ATTORNEYS (IF KNOWN)**
Unknown

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Misappropriation of money, defamation, breach of fiduciary obligation

Has this or a similar case been previously filed in SDNY at any time? No [x] Yes [] Judge Previously Assigned

If yes, was the case:   Vol. []  Invol. []   Dismissed. No [] Yes []  If yes, give date          & Case No.

**PLACE AN x IN ONE BOX ONLY          NATURE OF SUIT**

**TORTS**

**CONTRACT**
[] 110 INSURANCE
[] 120 MARINE
[] 130 MILLER ACT
[] 140 NEGOTIABLE INSTRUMENT
[] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[] 151 MEDICARE ACT
[] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS
[] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[] 160 STOCKHOLDERS' SUITS
[] 190 OTHER CONTRACT
[] 195 CONTRACT PRODUCT LIABILITY

**PERSONAL INJURY**
[] 310 AIRPLANE
[] 315 AIRPLANE PRODUCT LIABILITY
[X] 320 ASSAULT, LIBEL & SLANDER
[] 330 FEDERAL EMPLOYERS' LIABILITY
[] 340 MARINE
[] 345 MARINE PRODUCT LIABILITY
[] 350 MOTOR VEHICLE
[] 355 MOTOR VEHICLE PRODUCT LIABILITY
[] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[] 362 PERSONAL INJURY MEDICAL MALPRACTICE
[] 365 PERSONAL INJURY PRODUCT LIABILITY
[] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[] 370 OTHER FRAUD
[] 371 TRUTH IN LENDING
[] 380 OTHER PERSONAL PROPERTY

**PROPERTY DAMAGE**
[] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[] 610 AGRICULTURE
[] 620 FOOD & DRUG
[] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[] 610 LIQUOR LAWS
[] 640 R R & TRUCK
[] 650 AIRLINE REGS
[] 660 OCCUPATIONAL SAFETY/HEALTH
[] 690 OTHER

**LABOR**
[] 710 FAIR LABOR STANDARDS ACT
[] 720 LABOR/MGMT RELATIONS
[] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[] 740 RAILWAY LABOR ACT
[] 790 OTHER LABOR LITIGATION
[] 791 EMPL RET INC SECURITY ACT

**ACTIONS UNDER STATUES**

**BANKRUPTCY**
[] 422 APPEAL 28 USC 158
[] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[] 820 COPYRIGHTS
[] 830 PATENT
[] 840 TRADEMARK

**SOCIAL SECURITY**
[] 861 MIA (1395FF)
[] 862 BLACK LUNG (923)
[] 863 DIWC (405(g))
[] 863 DIWW (405(g))
[] 864 SSID TITLE XVI
[] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[] 870 TAXES
[] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[] 400 STATE REAPPORTIONME
[] 410 ANTITRUST
[] 430 BANKS & BANKING
[] 450 COMMERCE/ICC RATES/E
[] 460 DEPORTATION
[] 470 RACKETEER, INFLUENC & CORRUPT ORGANIZAT (RICO)
[] 810 SELECTIVE SERVICE
[] 850 SECURITIES/COMMODITI
[] 875 CUSTOMER CHALLEN( 12 USC 341
[] 891 AGRICULTURE ACTS
[] 863 DIWW (405(g))
[] 893 ENVIRONMENTAL MATT
[] 894 ENERGY ALLOCATION
[] 895 FREEDOM OF INFORMAT ACT
[] 900 APPEAL OF FEE DETERMINATION UND EQUAL ACCESS TO JUS
[] 950 CONSTITUTIONALITY STATE STATUTES
[] 890 OTHER STATUTORY ACTI

**REAL PROPERTY**
[] 210 LAND CONDEMNATION
[] 220 FORECLOSURE
[] 230 RENT LEASE & EJECTMENT
[] 240 TORTS TO LAND
[] 246 TORT PRODUCT LIABILITY
[] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[] 441 VOTING
[] 442 EMPLOYMENT
[] 443 HOUSING/ ACCOMMODATIONS
[] 444 WELFARE
[] 440 OTHER CIVIL RIGHTS

**ACTIONS UNDER STATUTES**

**PRISONER PETITIONS**
[] 510 MOTIONS TO VACATE SENTENCE 220 USC 2555
[] 530 HABEAS CORPUS
[] 535 DEATH PENALTY
[] 540 MANDAMUS & OTHERS
[] 550 CIVIL RIGHTS
[] 555 PRISON CONDITION

Check if demanded in complaint:
CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?

IF SO STATE:

DEMAND $_____ OTHER _____        JUDGE _____        DOCKET NUMBER _____
Check YES only if demanded in complaint
JURY DEMAND [] YES [] NO        NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | | ORIGIN | | | |
|---|---|---|---|---|---|---|
| [x]1  Original<br>Proceeding | []2  Removal from<br>State Court | []3  Remanded from<br>Appellate Court | []4  Reinstated or<br>Reopened | []5  Transferred<br>from (specify district) | []6  Multi-district<br>Litigation | []7  Appeal to District Judge<br>From Magistrate Judge Judgment |

**(PLACE AN x IN ONE BOX ONLY)**         **BASIS OF JURISDICTION**              **IF DIVERSITY, INDICATE**

[] 1  U.S. PLAINTIFF    [] 2   U.S. DEFENDANT     [] 3   FEDERAL QUESTION    [] 4 DIVERSITY      **CITIZENSHIP, BELOW**
                                                         (U.S. NOT A PARTY)                                  **(28 USC 1332,1441)**

**CITIZENSHIP OF PRINCIPAL PARTIES** (FOR DIVERSITY CASES ONLY)
(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF  DEF | | PTF  DEF | | PTF  DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | []1  []1 | CITIZEN OR SUBJECT OF A<br>FOREIGN COUNTRY | []3  []3 | INCORPORATED and PRINCIPAL<br>PLACE OF BUSINESS IN ANOTHER STATE | []5 []5 |
| CITIZEN OF ANOTHER STATE | []2  []2 | INCORPORATED or PRINCIPAL<br>PLACE OF BUSINESS IN THIS STATE | []4 []4 | FOREIGN NATION | []6 []6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (Calendar Rule 4(A))

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE
ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  [ ] WHITE PLAINS    [X ] FOLEY SQUARE
        (DO NOT check either box if this is a PRISONER PETITION.)

DATE 7/20/07        SIGNATURE OF ATTORNEY OF RECORD      ADMITTED TO PRACTICE IN THIS DISTRICT
                                                [] NO
RECEIPT #                                       [X] YES (DATE ADMITTED Mo. 11    Yr. 1993 )
                                                Attorney Bar Code #  (RH-2306)

Magistrate Judge is to be designated by the Clerk of the court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)
S:\Secretary 2\Client Docs\West 23rd-2nd action - Misapprop\federal civil cover sheet 2007 7-20.wpd

**EXHIBIT 2**

Michael A. Haskel (MH 4680)
Leonard Gekhman (LG 7488)
Law Offices of Michael A. Haskel
Attorneys for Defendant
167 Willis Avenue
Mineola, New York 11501
Ph: (516) 294-0250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ARISTIDES "POPS" PITSILADI, NICHOLAS
PITSILADI, Individually and as Members of WEST
23rd STREET REALTY LLC, WEST 36th STREET          Civ. No. 07/6605
REALTY LLC, and MACPIN REALTY LLC,                (JGK)
WEST 23rd STREET REALTY LLC, WEST 36th
STREET REALTY LLC and MACPIN REALTY LLC,

                      Plaintiffs,          ANSWER WITH
                              COUNTERCLAIM

     -against-
                               JURY TRIAL DEMANDED

WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT AND DEVELOPMENT INC.

                   Defendants
-----------------------------------------------------------------x

       Defendants William Guerrero ("Guerrero") and City Property Management and

Development Inc. ('City Property"), by their attorneys, Law Offices of Michael A.

Haskel, answer the complaint of Aristides Pitsiladi ("A.Pitsiladi") and Nicholas Pitsiladi

("N.Pitsiladi"),  Individually and as Members of West 23rd STREET REALTY LLC

("W.23rd Realty"), WEST 36th STREET REALTY LLC ("W.36th Realty"), and MACPIN

REALTY LLC ("MacPin"),  W.23rd Realty. W. 36th Realty and MacPin as follows:

       1. Deny the allegations in paragraph 1 of the complaint, except admit that

defendants are licensed real estate brokers, and that they collected rents from certain

properties owned by the plaintiffs, made certain political contributions, and filed a civil

action containing allegations that plaintiffs were involved in certain illegal conduct, and

that the plaintiffs seek various relief to which they are not entitled.

2. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 2 of the complaint, except, upon information and belief, admit

that defendants A. Pitsiladi and N. Pitsiladi are citizens of the Republic of South Africa.

3. Admit the allegations in paragraph 3 of the complaint, except deny that

W.23rd Realty existed prior to in or about April 1995.

4. Admit the allegations in paragraph 4 of the complaint, except deny that W.36th

Realty existed prior to in or about April 1995.

5. Deny the allegations in paragraph 5 of the complaint.

6. Deny the allegations in paragraph 6 of the complaint, except admit that, upon

information and belief, the holders of the membership interests in W. 23rd Realty and W.

36th Realty are citizens of South Africa.

7. Deny the allegations in paragraph 7 of the complaint.

8. Admit the allegations in paragraph 8 of the complaint, except deny that City

Property currently maintains its principal offices at 100 West 23rd Street, County, City

and State of New York.

9. Admit the allegations in paragraph 9 of the complaint.

10. Paragraph 10 of the complaint states a conclusion of law to which no

response is necessary.

11. Upon information and belief, admit the allegations in paragraph 11 of the

complaint, except deny that MacPin owns or owned property in New York.

12. Upon information and belief, admit the allegations in paragraph 12 of the complaint, except deny that MacPin owns or owned property in New York.

13. Admit the allegations in paragraph 13 of the complaint, except deny that MacPin owns or owned property in New York..

14. Admit that the defendants were obligated to collect rent from the tenants, maintain the properties and pay proper operating expenses of the properties out of the rent collected but deny that defendants were required to remit to plaintiffs all rental proceeds remaining after payment of "proper operating expenses."

15. Admit the existence of agreements between the defendants and certain of the plaintiffs regarding provision of the management services, refer to the agreements for their terms and deny the balance of the allegations of paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the complaint, except admit that on or about March 15, 2004 the management of the Managed Real Estate Companies was transferred from City Property to a new managing agent, George Butsikaris Realty, Inc.

17. Admit the allegations in paragraph 17 of the complaint, except deny that the lawsuit was brought against "the Entities."

18. Admit the allegations in paragraph 18 of the complaint.

<u>AS TO THE FIRST CAUSE OF ACTION</u>

19. Deny the allegations in paragraph 19 of the complaint, except deny knowledge of information sufficient to form a belief as to whether an analysis of financial records was conducted or as to the contents or conclusions of any such analysis.

20. Deny the allegations in paragraph 20 of the complaint, except admit that certain political contributions were made but such political contributions were authorized

to be made by certain of the Plaintiffs, and deny knowledge or information sufficient to form a belief as to whether an audit was conducted or as to the contents or conclusions of any such audit.

21.  Deny the allegations in paragraph 21 of the complaint, except deny knowledge or information sufficient to form a belief as to whether an audit was conducted or as to the contents or conclusions of any such audit.

22.  Deny the allegations in paragraph 22 of the complaint, except deny knowledge or information sufficient to form a belief as to whether an audit was conducted or as to the contents or conclusions of any such audit.

23.  Deny the allegations in paragraph 23 of the complaint.

24.  Deny the allegations in paragraph 24 of the complaint.

### AS TO THE SECOND CAUSE OF ACTION

25.  Defendants repeat and reallege their responses to paragraphs 1-24 of the complaint, as if fully stated herein.

26.  Defendants deny the allegations in paragraph 26 of the complaint, and repeat and reallege their responses to paragraphs 13 through 17 of the complaint as if fully stated herein.

27.  Deny the allegations in paragraph 27 of the complaint.

### AS TO THE THIRD CAUSE OF ACTION

28.  Defendants repeat and reallege their responses to paragraphs 1-27 of the complaint as if fully stated herein.

29. Deny the allegations in paragraph 29 of the complaint, except admit that defendants made certain political contributions, and state that such contributions were authorized by certain of the Plaintiffs.

### AS TO THE FOURTH CAUSE OF ACTION

30. Defendants repeat and reallege their responses to paragraphs 1-29 of the complaint as if fully stated herein.

31. Deny the allegations in paragraph 31 of the complaint, except admit that defendants made certain political contributions which were authorized by certain of the Plaintiffs and that Guerrero signed certain tax returns as if he was an officer of one or more of the plaintiffs, and state that the tax returns were signed pursuant to plaintiffs' request upon advice of the plaintiffs' accountants and attorneys.

32. Deny the allegations in paragraph 32 of the complaint.

### AS TO THE FIFTH CAUSE OF ACTION

33. Defendants repeat and reallege their responses to paragraphs 1-32 of the complaint as if fully stated herein.

34. Deny the allegations in paragraph 34 of the complaint, except admit that defendants collected rents and made disbursements from the rents so collected.

35. Deny the allegations in paragraph 35 of the complaint.

36. Deny the allegations in paragraph 36 of the complaint,

37. Deny the allegations in paragraph 37 of the complaint to the extent response is required.

38. Deny the allegations in paragraph 38 of the complaint.

<u>AS TO THE FOURTH CAUSE OF ACTION.</u>

39. Defendants repeat and reallege their responses to paragraphs 1-18 of the complaint as if fully stated herein.

40. Admit the allegations in paragraph 40 of the complaint.

41. Refer to the article quoted in paragraph 41 for its contents and admit the balance of the allegations in paragraph 41 of the complaint.

42. Deny the allegations in paragraph 42 of the complaint .

43. Deny the allegations in paragraph 43 of the complaint.

44. Deny the allegations in paragraph 44 of the complaint.

<u>AND AS FOR A FIRST AFFIRMATIVE DEFENSE</u>

45. Plaintiffs' claims are barred by the statute of limitations.

<u>AND AS FOR A SECOND AFFIRMATIVE DEFENSE</u>

46. Plaintiffs' claims are barred by waiver and/or estoppel.

<u>AND AS FOR A THIRD AFFIRMATIVE DEFENSE</u>

47. Plaintiffs' claims are barred by laches.

<u>AND AS FOR A FOURTH AFFIRMATIVE DEFENSE</u>

48. Plaintiffs' claims are barred by the doctrine of unclean hands

<u>AND AS FOR A FIFTH AFFIRMATIVE DEFENSE</u>

49. Plaintiffs' defamation claims are barred because the statements complained of were privileged insofar as they were contained in defendants' legal papers, and insofar as the complained of article was a true and accurate report of a legal proceeding.

<u>AND AS FOR A SIXTH AFFIRMATIVE DEFENSE</u>

50. Plaintiffs' defamation claims are barred insofar as the allegedly defamatory statements are true.

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

51. Any damages suffered by plaintiffs are due to their own culpable conduct, and not the conduct of defendants.

### AND AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiffs' complaint fails to set forth a cause of action upon which relief may be granted.

### AND AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

53. Plaintiffs, A.Pitisladi and N.Pitisladi lack authority to bring a derivative action on behalf of plaintiff LLCs.

### AND AS FOR A COUNTERCLAIM AGAINST A.PITISLADI AND N.PITSILADI – DEFAMATION

54. Defendant Guerrero is a citizen of New Jersey.

55. Plaintiffs A.Pitsiladi and N.Pitsiladi are citizens of the Republic of South Africa.

56. The matter in controversy on this counterclaim exceeds he sum of $75,000, exclusive of interest and costs.

57. This Court has jurisdiction over this counterclaim pursuant to 28 USC §1332(a)(2)

58. Upon information and belief, prior to and/or in or about February 2004, plaintiffs, A. Pitsiladi and N.Pitsiladi told their attorney, Dave Nezar, that defendant City Property had been terminated as managing agent of plaintiffs' New York real estate because Guerrero, its principal, misappropriated funds.

59. Upon information and belief, in or about February 2004, plaintiffs instructed or authorized Dave Nezar to respond to press inquiries about defendants' lawsuit against plaintiffs by telling them that defendants had been terminated due to Guerrero's misappropriation of funds.

60. Upon information and belief, A.Pitsiladi and N.Pitsiladi provided such information to Dave Nezar intending for it to be published.

61. Upon information and belief, A.Pitsiladi and N.Pitsiladi knew such statements were false, insofar as defendants had not misappropriated funds nor was City Property terminated as a result of any misappropriation of funds.

62. On February 24, 2007 an article appeared in a South African newspaper, the Weekend Post, containing the following language regarding Dave Nezar, the attorney for A.Pitsiladi and N.Pitsiladi:

"Their lawyer, Dave Nezar, said Guerrero had been fired for misappropriating funds."

63. The article containing the statement has been published on the World Wide Web at http://www.algoafm.co.za/newsarticle.asp?NewsId=98676.

64. This statement constituted defamation per se, insofar as Guerrero was accused of the crime of conversion, and insofar as it tended to defame him with respect to his fitness to carry out his business or profession.

65. As a result, Guerrero has been damaged in an amount to be determined at trial.

66. Prior to and while making the statements set forth herein, the A.Pitsiladi and N.Pitsiladi engaged in a pattern of harassment directed at defendant William Guerrero.

67.  The pattern of harassment consisted of among other things, sending Guerrero and one of his companies, which rented space at the West 23rd Street premises, inflated water bills and tax bills, demanding certificate of insurance for such rented premises when one has already been provided, and disrupting the use of the elevator for Guerrero and his company's employees.

68.  The defamatory  statements described herein were made with intent to damage Guerrero's reputation as part of the pattern of harassment.

69.  The false statements were made by the plaintiffs willfully, intentionally and maliciously, while the defendants were aware of their falsity.  Accordingly, defendant William Guerrero is entitled to punitive damages in the amount of $5,000,000.

70.  Defendants demand jury trial of all issues.

WHEREFORE, defendants demand judgment dismissing the plaintiffs' complaint in its entirety, and William Guerrero demands judgment on the first counterclaim against plaintiffs, A.Pitsiladi and N.Pitsiladi in the amount to be determined at trial and for punitive damages in the amount of $5,000,000.

Dated: Mineola, New York
       October  8, 2007

<div style="margin-left:40%">

Michael A. Haskel (MH 4680)
167 Willis Avenue
Mineola, New York 11501
(516) 294-0250

</div>