UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ARISTIDES "POPS" PITSILADI, NICHOLAS          Civil Action No.:
PITSILADI, Individually and as                07-CIV-6605
Members of WEST 23RD STREET REALTY
LLC., WEST 36TH STREET REALTY LLC AND
MACPIN REALTY LLC, WEST 23RD STREET
REALTY LLC., WEST 36TH STREET REALTY
LLC AND MACPIN REALTY LLC,

                            Plaintiffs,


        - against -

WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT AND DEVELOPMENT CORP.,

                            Defendants.
---------------------------------------X




## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM PURSUANT TO FRCP 12(b)(6)




Jack S. Dweck
On the Brief




**THE DWECK LAW FIRM, LLP**
75 ROCKEFELLER PLAZA
NEW YORK, NY 10019

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT  . . . . . . . . . . . . . . . . . . 1

      POINT II.

      BASED UPON THEIR COUNTERCLAIM ALLEGATIONS,
      THE DEFENDANTS ARE UNABLE TO CIRCUMVENT
      THE LEGAL PROSCRIPTIONS WHICH SUBJECT
      THEIR COUNTERCLAIM TO IMMEDIATE DISMISSAL . . . . . . . 4

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases:**

Bernheim v. Litt, 79 F.3d 318 (2d Cir. 1996) . . . . . . . . . 8

Durham Industries, Inc. v. North River Ins. Co., 1980 W.L. 112701
(S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . 4

Gelb v. Board of Education in City of NY, 888 F.Supp. 509
(S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . 8

Global Discount Travel Services, LLC v. Trans World Airlines,
Inc., 960 F.Supp. 701 (S.D.N.Y. 1997) . . . . . . . . . . . 5

Hernandez v. Cunningham, 914 F.Supp. 72 (S.D.N.Y. 1996) . . . . 8

J.P. Foley & Co., 65 F.R.D. 523 (S.D.N.Y. 1974) . . . . . . . 4

Johnson v. Smithsonian Inst., 189 F.3d 180 (2nd Cir. 1999) . . 5

Jota v. Texaco, Inc., 157 F.3d 153 (2nd Cir. 1998) . . . . . . 5

Lipin v. National Union Fire Ins. Co. of Pittsburgh, PA, 2002
W.L. 475110 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . 4

Reserve Solutions Inc. v. Vernaglia, 438 F.Supp.2d 280 (S.D.N.Y.
2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Serlin v. Samuels, 101 F.R.D. 64 (E.D.N.Y. 1984) . . . . . . . 5

Singh v. HSBC Bank USA, 200 F.Supp.2d 338 (S.D.N.Y. 2002) . . . 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ARISTIDES "POPS" PITSILADI, NICHOLAS          Civil Action No.:
PITSILADI, Individually and as                07-CIV-6605
Members of WEST 23RD STREET REALTY
LLC., WEST 36TH STREET REALTY LLC AND
MACPIN REALTY LLC, WEST 23RD STREET
REALTY LLC., WEST 36TH STREET REALTY
LLC AND MACPIN REALTY LLC,

                          Plaintiffs,

      - against -

WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT AND DEVELOPMENT CORP.,

                          Defendants.
---------------------------------------X

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
### TO DISMISS COUNTERCLAIM PURSUANT TO FRCP 12(b)(6)

#### PRELIMINARY STATEMENT

     The crux of this action is founded upon the egregious

misappropriation of monies by the Defendants, who managed three

parcels of income producing properties owned by the Plaintiffs.

The individual Plaintiffs, who are principals of the three

limited liability companies, entrusted management of their

properties to the Defendants who collected rents from multiple

tenants.  When they became aware of several instances of

mismanagement of their properties, diversion of rental monies for

political contributions, overcharges of management fees, failure

to provide for escalations and other misconduct, the Plaintiffs

terminated the management by the Defendants of their properties.

Out of anger and frustration, the Defendants brought suit against

the Plaintiffs' limited liability companies for $50 million for wrongful termination.  The action was brought in the Supreme Court, New York County, and upon a Pre-Joinder of Issue Motion to Dismiss, Justice Jane Solomon granted the same and awarded Judgment in favor of the Plaintiffs (Exhibits 1 & 2).  That dismissal was affirmed by the Appellate Division.  However, within days after the entry of Judgment, the Defendants communicated with the press in South Africa, where the individual Plaintiffs reside, and encouraged and promoted the publication of scurrilous and defamatory material about the individual Plaintiffs.  The Plaintiffs thereupon commenced this action, which includes a Sixth Cause of Action for Defamation, *per se*, based upon multiple statements attributable to the Defendants which accuse the individual Plaintiffs of having engaged in criminal and fraudulent conduct.

In their Answer, the Defendants have asserted a counterclaim for defamation based upon statements allegedly made by the Plaintiffs' attorney in South Africa that the Defendant Guerrero was fired for misappropriating funds.

The instant motion and the opposition thereto by the Defendants now present a question of law.  The legal precedents within the Plaintiffs' Memorandum of Law in Support of the Motion are clear and carry a full mandate for the dismissal of the counterclaim.

2

.

       This Reply Memorandum distills the Defendants' attempt to obfuscate the true basis for the dismissal of the counterclaim.

## POINT II.

### BASED UPON THEIR COUNTERCLAIM ALLEGATIONS, THE DEFENDANTS ARE UNABLE TO CIRCUMVENT THE LEGAL PROSCRIPTIONS WHICH SUBJECT THEIR COUNTERCLAIM TO IMMEDIATE DISMISSAL

The Defendants have engaged in a ploy to intimidate and discourage the Plaintiffs from pursuing this action. The Defendants have, in desperation, tried to take the offense in order to deter the Plaintiffs from their attempts to recover the monies which the Defendants owe them. The counterclaim, however, does not meet the minimum criteria to withstand dismissal for the following reasons:

1. The attorney-client privilege, which bars disclosure of any communications between the Plaintiffs and their attorney in South Africa, prevents the Defendants from any disclosure of statements made by the Pitsiladis to David Nezar; Durham Industries, Inc. v. North River Ins. Co., 1980 W.L. 112701 (S.D.N.Y. 1980); J.P. Foley & Co., 65 F.R.D. 523 (S.D.N.Y. 1974).

2. The Defendants cannot present any evidence of communications between the Plaintiffs and their attorneys if this case were to proceed to trial, since such evidence is not admissible. There would be a complete failure of proof.

3. Even if the attorney-client privilege did not apply, or was not asserted, the statements attributed to Mr. Nezar are protected by the law, which allows statements relative to pending or contemplated litigation to be made based upon allegations within a pleading filed in a court of law; Reserve Solutions Inc. v. Vernaglia, 438 F.Supp.2d 280 (S.D.N.Y. 2006); Singh v. HSBC Bank USA, 200 F.Supp.2d 338 (S.D.N.Y. 2002); Lipin v. National Union Fire Ins. Co. of Pittsburgh, PA, 2002 W.L. 475110 (S.D.N.Y. 2002).

4

The Civil Rights Law §74 permits fair reporting of judicial proceedings, which was exactly what was taken from the pleadings and is therefore immune from any attack.

4.    Assuming *arguendo* that the Defendants could circumvent the attorney-client privilege, and further assuming that the Defendants could get around the privilege of statements contained within pleadings filed in Court, the Defendants would nevertheless be barred because the utterance made by Mr. Nezar is a statement of opinion.

5.    With all three grounds which bar the presentation of evidence by the Defendants, we then have the failure to name Mr. Nezar, an indispensable party to this counterclaim, without whom the counterclaim cannot be prosecuted.    This is a requirement under FRCP 19; Johnson v. Smithsonian Inst., 189 F.3d 180 (2nd Cir. 1999); Jota v. Texaco, Inc., 157 F.3d 153 (2nd Cir. 1998); Global Discount Travel Services, LLC v. Trans World Airlines, Inc., 960 F.Supp. 701 (S.D.N.Y. 1997); Serlin v. Samuels, 101 F.R.D. 64 (E.D.N.Y. 1984).

When one reads the counterclaim, it becomes apparent that the core of the claim is based upon surmise, conjecture and assumption.    The Defendants have no basis upon which they can assert a cause of action for defamation.    Every substantive allegation of the counterclaim is set forth upon information and belief.    In Paragraph 58, the Defendants state, upon information and belief, that in February 2004 the individual Plaintiffs told their attorney, Dave Nezar, that City Property was terminated as managing agent because the Defendant Guerrero, the principal of City Property, had misappropriated funds.    Paragraphs 59, 60 and 61 state, upon information and belief, that the individual Plaintiffs instructed or authorized Dave Nezar to respond to inquiries from the press about the Defendants' lawsuit against

the Plaintiffs, that the Defendants were terminated because they misappropriated funds and that the Plaintiffs intended for Mr. Nezar to publish such statements.  These assertions are neither factual, nor based upon any personal knowledge of the Defendants. They are the product of surmise and conjecture created by a fanciful and imaginative draftsman.  The statements are not verified.  They cannot withstand judicial scrutiny.

However, most revealing of the absence of good faith pleading is the overt claim that the Plaintiffs gave these alleged instructions to Mr. Nezar in February 2004.  The dates are set forth in Paragraphs 58 and 59 of the Answer.  On its face, the counterclaim is dismissable because the statute of limitations for defamation is one year.  Pursuant to CPLR §215, any action for defamation is subject to a one year limitation. Even if this counterclaim were to be interpreted to plead another type of tortious conduct attributed by the Plaintiffs in having instructed Mr. Nezar to issue the statement attributed to him, the statute of limitations of three years for negligent or tortious conduct under CPLR §214 would bar this counterclaim, since this action was commenced in July 2007, three and one-half years later.

The Defendants cannot escape or avoid dismissal under any theory!  This action was commenced on July 23, 2007.  Any conduct of the Plaintiffs as alleged by the Defendants which took place

6

in February 2004, is well beyond the expiration of the three year statute.  The counterclaim must therefore be dismissed.

The Plaintiffs are not responsible for what the media chooses to publish.  The press acts independently.  If the Defendants have a complaint about the content of the publication of any negative material about them, that is between the Defendants and the publication.  The Plaintiffs are not involved with, or responsible, for what the media chooses to publish.

It is noteworthy that the Defendants, on page 7 of their Memorandum of Law, have concluded that the Plaintiffs delivered a copy of the Complaint to the press.  There is no basis for this conclusion since the Defendants have not pleaded this.  The writer respectfully suggests that such a statement, whether directly or inferentially, should be disregarded.  As is commonly known, the court files are open to the public and if the press has obtained a copy of the complaint from the Clerk in the Supreme Court action brought by the Defendants against the Plaintiffs, or the Complaint in this lawsuit, the Plaintiffs cannot be charged with any misconduct which the Defendants may attribute to the press.

The Defendants have also engaged in reckless speculation in their attempt to thwart the dismissal of the counterclaim.  They have stated, on page 10 of their Memorandum, that the Pitsiladis' instructed or authorized their attorney in South Africa to make

7

the statement about Guerrero to the press.  The Defendants are
fully aware that they have no basis to corroborate their
assertion that the Plaintiffs authorized or instructed Mr. Nezar
to make any statement to the press.  Such an argument should be
rejected on its face.  The Defendants have not and cannot
question Mr. Nezar about any communication between the Plaintiffs
and him.  The Defendants know this and their persistence in
proffering such an argument is a clear demonstration for the
applicability of the legal principle that a complaint (or in this
case, the counterclaim) is subject to dismissal because the
Defendants would not be able to offer evidence to support their
claims; Bernheim v. Litt, 79 F.3d 318 (2d Cir. 1996); Hernandez
v. Cunningham, 914 F.Supp. 72 (S.D.N.Y. 1996); Gelb v. Board of
Education in City of NY, 888 F.Supp. 509 (S.D.N.Y. 1995).

Since no such evidence could ever be admissible, based upon
the bars addressed earlier in this Memorandum, the viable and
pragmatic approach to this motion is to dismiss the counterclaim
now.  To allow this counterclaim to remain will amount to a
needless waste of judicial and lawyers' time and a total waste of
fees for legal services with the outcome known from now.

This Court is respectfully requested to disregard any
suggestions by the Defendants on page 13 of their Memorandum that
Mr. Nezar, who they refer to as the Plaintiffs' attorney in South
Africa, acted at any time as the Plaintiffs' publicist.  Such a

8

suggestion is totally contrary to the statement as alleged in the counterclaim and in several places of the Defendants' Memorandum of Law that Dave Nezar was and is the attorney for the Plaintiffs.

Lastly, on page 15 of the Defendants' Memorandum of Law, the Defendants have suggested that the Plaintiffs were "grossly irresponsible" in having allegedly instructed or authorized Dave Nezar, their attorney in South Africa, to make the statement to the press that Mr. Guerrero was fired for misappropriation of funds. This Court cannot accept such an argument since no such evidence or testimony could ever be presented by the Defendants to this effect. It is double hearsay, besides the bar of privilege.

Under these circumstances, this Court is relegated to reject the arguments of the Defendants and based upon both procedural and substantive limitations, the Motion to Dismiss the Counterclaim should be granted.

## CONCLUSION

**THE ALLEGATIONS OF THE DEFENDANTS' COUNTERCLAIMS
ARE INSUFFICIENT ON THEIR FACE AND THE MOTION
TO DISMISS THE COUNTERCLAIM SHOULD BE GRANTED**

THE DWECK LAW FIRM, LLP
Attorneys for Plaintiffs

By:_____
     JACK S. DWECK (0659)

S:\Secretary 2\Client Docs\West 23rd - Pitsiladi-Guerrero\West 23rd-2nd action - Misapprop\Reply
Memo JSD-GS Draft #2 12-20-07.wpd

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ARISTIDES "POPS" PITSILADI, NICHOLAS          Civil Action No.:
PITSILADI, Individually and as               07-CIV-6605 (JGK)
Members of WEST 23RD STREET REALTY
LLC., WEST 36TH STREET REALTY LLC AND
MACPIN REALTY LLC, WEST 23RD STREET
REALTY LLC., WEST 36TH STREET REALTY
LLC AND MACPIN REALTY LLC,                    **AFFIDAVIT OF SERVICE**

                    Plaintiffs,

          - against -

WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT AND DEVELOPMENT CORP.,

                    Defendants.
----------------------------------------X
STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

     **GINA SALERNO**, being duly sworn, deposes and says:  I am not
a party to this action, I am over 18 years of age and reside in
Princeton Junction, New Jersey.

     On the 26th day of December 2007, I served a true copy of
**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS
COUNTERCLAIM PURSUANT TO FRCP 12(b)(6)** in the following manner:

     By mailing a true copy of same in a sealed envelope, with
postage prepaid thereon, in an official depository of the United
States Postal Service within the State of New York, addressed to
the last known address of the attorney indicated below:

TO:  Michael A. Haskel, Esq.
     Attorneys for Defendants
     Law Offices of Michael A. Haskel
     167 Willis Avenue
     Mineola, NY  11501

                                        _____
                                              GINA SALERNO

Sworn to before me this
26th day of December, 2007
_____
     Notary Public

                              IRINE BEREZANSKY
                       NOTARY PUBLIC-STATE OF NEW YORK
                              No. 02BE6154932
                         Qualified In Richmond County
                       My Commission Expires October 23, 2010