UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
Aristides "Pops" Pitsiladi, Nicholas        **Civil Action No.:**
Pitsiladi, Constantine Pitsiladi,           **07-CIV-6605 (JGK)**
Maria Coutsourides and Dimitrius
Coutsourides, individually and as
members of West 23rd Street Realty     <u>**PLAINTIFFS' RULE 26 (A)**</u>
LLC., West 36th Street Realty LLC and  <u>**INITIAL DISCLOSURES**</u>
Macpin Realty LLC,

                  Plaintiffs,

    - against -

William Guerrero, City Property
Management and Development Inc.,

                  Defendants.
------------------------------------------X

    Plaintiffs', through their attorneys, The Dweck Law Firm, LLP, as and for their initial disclosures pursuant to F.R.C.P., 26(a), set forth as follows:

    1.    The following individuals are likely to have discoverable information that the Plaintiffs may use to support their claims:

    (1)    Aristides "Pops" Pitsiladi, residing in the Republic of South Africa;

    (2)    Nicholas Pitsiladi, residing in the Republic of South Africa;

    (3)    George Boutsikaris, 9210 4th Avenue, Brooklyn, NY;

    (4)    Christina Stylianous, Agelides & Company, 2358 Steinway Street, Astoria, NY;

    (5)    Edmund Nahas, 303 5th Avenue, New York, NY;

    (6)    Dave Nezar, Republic of South Africa;

(7) Nicky Willemse, Republic of South Africa;

(8) Maureen Clifford, Republic of South Africa;

(9) William Guerrero;

(10) Other persons whose names and identifying information are in possession of the Defendants, including tenants and former tenants of the Plaintiffs.

2. The following documents, that are in the possession, custody, or control of the Plaintiffs', their accountants and the Defendants Guerrero and City Property, may be used to support their claims:

(1) Publications regarding the Plaintiffs;

(2) Documents regarding real estate taxes with respect to the Plaintiff companies and Plaintiffs' properties;

(3) Utility bills with respect to the Plaintiffs' companies and the Plaintiffs' properties;

(4) Leases entered into or on behalf of the Plaintiffs' companies;

(5) Documents with respect to payments made as political contributions and other payments made from funds of the Plaintiffs' companies by the Defendants;

(6) Documents relating to tax returns filed by the Plaintiffs' companies;

(7) Lease agreements between West 23rd Street Realty, LLC and West 23rd Street Food Fair, Inc.;

(8)  Documents with respect to water bills and tax bills sent to West 23rd Street Food Fair, Inc.;

(9)  Correspondence or e-mails between William Guerrero and Nicky Willemse;

(10) E-mails, correspondence, press releases and memoranda from the Defendants to various newspaper personnel, including, without limitation to, Nicky Willemse;

(11) Correspondence, reports and communications between the Defendants and the Plaintiffs, their agents, attorneys, tenants, prospective tenants and various political organizations;

(12) Cancelled checks from accounts of the Plaintiffs maintained by the Defendants, when the Defendants acted as the Plaintiffs' managing agent;

(13) Multiple leases made on behalf of the Plaintiffs by the Defendants, including to the Defendants themselves;

(14) Commission statements and records of calculations of commissions;

(15) Corporate minutes of the Defendant, City Property Management and Development, Inc.;

(16) Copies of management contracts between the Plaintiffs and the Defendants;

(17) Copies of all records maintained by the Defendants with respect to the management of the Plaintiffs' properties and properties of the Plaintiffs' predecessors, including the

Plaintiffs' properties on West 23rd Street, New York, NY, West 36th Street, New York, NY and 94-26 Roosevelt Avenue, Queens, NY;

(18) All invoices for all charges and services in connection with the operation and management by the Defendants of the Plaintiffs' properties from inception of management to the date of termination;

(19) All invoices for legal services rendered to the Plaintiffs and/or the Defendants during the period of the Defendants' management of the Plaintiffs' properties and cancelled checks for said invoices and services;

(20) All records of properties examined or inspected by the Defendants for the Plaintiffs with the intention of purchase or recommendation to the Plaintiffs for purchase;

(21) All records of invoices by the Defendants to the Plaintiffs for management fees and services from inception of management to termination;

(22) All bank statements and cancelled checks of all accounts maintained by the Defendants for the Plaintiffs and their properties;

(23) All tax returns prepared and/or filed and/or signed by the Defendants on behalf of the Plaintiffs, including, without limitation, for federal and state income taxes, franchise taxes, limited liability company, taxes and registrations, gross receipts and unincorporated business returns;

4

(24) Records of all W-2 Forms and 1099 Forms issued by the Defendants on behalf of the Plaintiffs and their predecessor owners;

(25) All bookkeeping and accounting records maintained by the Defendants for the Plaintiffs and their properties;

(26) All financial statements with and for the Plaintiffs and Plaintiffs' predecessors relative to the properties;

(27) All vendor invoices and bills for water, sewer, real estate and any other taxes relative to the Plaintiffs' properties and all receipt for payments of the same which encompass the period of the inception of the management of the Plaintiffs' properties to the date of termination;

(28) All leases for all tenants of the Plaintiffs' properties and all lease and tenant folders from the date of inception of the Defendants' management of the Plaintiffs' properties to the date of termination;

(29) All invoices to the tenants for rents, escalations and any other charges to tenants of the Plaintiffs' properties from the inception of the management to the date of termination;

(30) All documents that reflect calculation and computation of rents, escalations of tax and rent increases to all tenants within the Plaintiffs' properties, and for any other charges to the tenants in the Plaintiffs' properties, from the inception of

management of the Plaintiffs' properties to the date of termination;

(31) Records of all commissions and any other charges made by the Defendants to the Plaintiffs, including commissions for rental of space within the Plaintiffs' properties;

(32) Any and all documents regarding communications between the Pitsiladis and various agents of the Pitsiladis, including, but not limited to, their lawyers, accountants, Angelides & Company, and real estate manager and business partner, George Butsikaris ("Butsikaris"), regarding assurances made to the Defendant Guerrero that any activities questioned by the Plaintiffs were proper and legal.

(33) Any and all documents showing that the Defendant Guerrero questioned any circumstances and/or activities relating to the Pitsiladis' financial dealings, including, but not limited to, information contained in various financial documents and in the Pitsiladis' application(s) for tax amnesty in South Africa with respect to taxes due on foreign investments in the United States.

(34) Any and all documents including the dates of any meetings, conferences or telephone discussions scheduled and/or held with the Defendant Guerrero by or on behalf of the Pitsiladis, to discuss tax amnesty applications and any and all memoranda or other documentation generated as a result of same.

(35) Any and all documents and/or records of any communications between the Pitsiladis and the Defendant Guerrero in connection with the terms of lease offered to Guerrero for store premises at the West 23rd Street Property of the Plaintiffs.

(36) Any and all documents and/or records of any communications between the Pitsiladis and various agents of the Pitsiladis, including Butsikaris, in connection with the terms of a lease offered to the Defendant Guerrero for the store premises at the West 23rd Street Property of the Plaintiffs, and any changes in the terms of the previously offered lease.

(37) All documents used by the Defendants as a basis for fixation and quotation of rental charges to tenants or prospective tenants within the Plaintiffs' properties from the date of inception of management to the date of termination;

(38) All documents, memoranda, tape recordings or other paper or electronic records of telephone calls, telephone conversations, letters, faxes, e-mails or any other records of communications between the Plaintiffs and the Defendants;

(39) Any other documents in the possession of the Defendants that are relevant to this matter.

3. The Plaintiffs allege damages to be calculated at the trial, which represent monies misappropriated by the Defendants; damage to the Plaintiffs' reputation from the publication of

7

defamatory statements made by them at the direction of the Defendants.

    4.    The Plaintiffs reserve the right to supplement, amend or modify their Rule 26 Initial Disclosures.

Dated:    New York, New York
          December 26, 2007

                    The Dweck Law Firm, LLP
                    Attorneys for Plaintiffs

                    By: _____
                        Jack S. Dweck (0659)
                    75 Rockefeller Plaza, 16th Fl.
                    New York, NY 10019
                    (212) 687-8200

S:\Secretary 2\Client Docs\West 23rd - Pitsiladi-Guerrero\West 23rd-2nd action - Misapprop\InitialDisclosures JSD-GS Draft #2 12-26-07.wpd

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ARISTIDES "POPS" PITSILADI, NICHOLAS          Civil Action No.:
PITSILADI, Individually and as                07-CIV-6605 (JGK)
Members of WEST 23RD STREET REALTY
LLC., WEST 36TH STREET REALTY LLC AND
MACPIN REALTY LLC, WEST 23RD STREET
REALTY LLC., WEST 36TH STREET REALTY
LLC AND MACPIN REALTY LLC,                    AFFIDAVIT OF SERVICE

                           Plaintiffs,

         - against -

WILLIAM GUERRERO, CITY PROPERTY
MANAGEMENT AND DEVELOPMENT CORP.,

                           Defendants.
----------------------------------------X
STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )
```

**GINA SALERNO**, being duly sworn, deposes and says: I am not a party to this action, I am over 18 years of age and reside in Princeton Junction, New Jersey.

On the 26th day of December 2007, I served a true copy of **PLAINTIFFS' RULE 26(A) INITIAL DISCLOSURES** in the following manner:

By mailing a true copy of same in a sealed envelope, with postage prepaid thereon, in an official depository of the United States Postal Service within the State of New York, addressed to the last known address of the attorney indicated below:

TO:  Michael A. Haskel, Esq.
     Attorneys for Defendants
     Law Offices of Michael A. Haskel
     167 Willis Avenue
     Mineola, NY  11501

                                          _____
                                              GINA SALERNO

Sworn to before me this
26th day of December, 2007

_____
     Notary Public

Cory A. Frank
Notary Public
State Of New York
Reg. No: 02FR6163318
Expires 3/19/2011